SKC

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Berry Williams,

                Plaintiff,

v.

Unknown Cisneros, et al.,

                Defendants.

No.  CV 14-2231-PHX-DGC (DKD)

**ORDER**

On October 8, 2014, Plaintiff Berry Williams, who is confined in the Arizona State Prison Complex-Yuma in San Luis, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a January 14, 2015 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On March 13, 2015, Plaintiff filed his First Amended Complaint (Doc. 9).  The Court will dismiss the First Amended Complaint with leave to amend.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon

**JDDL-K**

1   which relief may be granted, or that seek monetary relief from a defendant who is
2   immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

3        A pleading must contain a "short and plain statement of the claim *showing* that the
4   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8
5   does not demand detailed factual allegations, "it demands more than an unadorned, the-
6   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
7   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere
8   conclusory statements, do not suffice."  *Id.*

9        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
10   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
11   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual
12   content that allows the court to draw the reasonable inference that the defendant is liable
13   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible
14   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw
15   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's
16   specific factual allegations may be consistent with a constitutional claim, a court must
17   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*
18   at 681.

19        But as the United States Court of Appeals for the Ninth Circuit has instructed,
20   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,
21   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less
22   stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*
23   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

24        If the Court determines that a pleading could be cured by the allegation of other
25   facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal
26   of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).
27   Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but

28

JDDL-K

because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## II.    First Amended Complaint

In his single-count First Amended Complaint, Plaintiff sues Charles L. Ryan, Director of the Arizona Department of Corrections ("ADOC"); Lance Hetmer and Greg Fizer, Wardens at the ADOC; and Unknown Cisneros, Unknown Badsted, and Unknown Reigie, Correctional Officers ("COs") at the ADOC.    Plaintiff asserts an Eighth Amendment "cruel and unusual punishment" claim based on the allegations that he was "attacked and beaten" while in ADOC custody.

Plaintiff alleges that on November 22, 2013, Defendant Cisneros was the "floor officer," supported by Defendant Reigie, who was in the "front key[-]cage," controlling access to cells 1 through 16, and Defendant Badsted, who was in the "rear key[-] cage," controlling access to cells 17 through 25.    Badsted opened Plaintiff's cell, and Cisneros walked him to the shower but failed to handcuff him "as was usual."    Upon return, Plaintiff was left outside his cell while Cisneros escorted another inmate from the shower. Badsted did not make any move to unlock Plaintiff's cell to let him re-enter before any other inmate was let out.    Plaintiff was approached by Inmate Nobles from cell 16, with Cisneros following behind.    Nobles was also not handcuffed, and he attacked Plaintiff. Plaintiff was "pummeled about the head and face, [and] thrown into the bars and to the floor."    He injured his back and twisted his left leg that had previously been injured in a car accident.    Plaintiff alleges that, but for Cisneros' failure to place inmates in handcuffs, Badsted's failure to open Plaintiff's cell, and Reigie's "blind eye," he would not have been attacked.

Plaintiff's remaining allegations pertain to events that took place after he received medical attention for his injuries.    Plaintiff alleges that he was approached by Sgt. Stevenson, who offered him a television "with the understanding that [Plaintiff] would pursue no action in the incident."    Plaintiff accepted the offer because he is an indigent inmate with a life sentence and no financial means of support.    Two months later,

- 3 –

1   however, the television "was taken back" because enough time had then passed to render

2   Plaintiff's complaint moot.  Plaintiff appealed to the Deputy Warden Defendant Fizer;

3   then to the Warden Defendant Hetmer; and finally to the ADOC Director Ryan.  Each

4   time, his complaint "was treated as trivial and of little consequence."

5       Plaintiff alleges that he suffered a strain to his lower back and aggravation to his

6   leg injury, but the emotional and mental injuries he suffers are more severe.  He alleges

7   that due to the "inconsequential way in which [his] situation was treated," he suffers

8   constant fear for his safety.  He further alleges that the "slight relief" he was given in the

9   form of a television was taken away.  Plaintiff claims to suffer from extreme depression

10  and anxiety when he is outside his cell.

11      Plaintiff seeks monetary and punitive damages and to have a working television

12  provided him for the duration of his sentence per ADOC's agreement with him made by

13  Sgt. Stevenson.

14  **III.   Failure to State a Claim**

15      To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants

16  (2) under color of state law (3) deprived him of federal rights, privileges or immunities

17  and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th

18  Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d

19  1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific

20  injury as a result of the conduct of a particular defendant and he must allege an

21  affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*,

22  423 U.S. 362, 371-72, 377 (1976).

23      Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519,

24  520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey*

25  *v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a

26  liberal interpretation of a civil rights complaint may not supply essential elements of the

27  claim that were not initially pled.  *Id.*

28

- 4 –

JDDL-K

Plaintiff fails to state an Eighth Amendment claim as to any Defendant.   An Eighth Amendment claim requires a sufficiently culpable state of mind by the Defendants, known as "deliberate indifference."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).   Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Id.* at 835.   To state a claim of deliberate indifference, plaintiffs must meet a two-part test.   "First, the alleged constitutional deprivation must be, objectively, sufficiently serious"; and the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities."   *Id.* at 834 (internal quotations omitted).   Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate indifference to inmate health or safety."  *Id.* (internal quotations omitted).   In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference."  *Id.* at 837 (emphasis added).

## A. Defendants Cisneros, Reigie, and Badsted

Plaintiff's allegations against Defendants Cisneros, Reigie, and Badsted are too vague and conclusory to state an Eighth Amendment claim.   Plaintiff's only allegations against Defendant Cisneros are that while working as "floor officer" she escorted Plaintiff to the shower and back without handcuffs; she left Plaintiff outside his cell when she went to escort another inmate from the shower; and she was following behind Inmate Nobles when he attacked Plaintiff.   It is unclear from the facts alleged whether Cisneros was even with Nobles or was escorting a different inmate at the time of the attack.   It is also unclear what precipitated the attack or what Cisneros did or failed to do in response. Absent facts showing that Cisneros knew of and acted with deliberate indifference to a threat posed by Nobles, the mere fact that she was present when Plaintiff was attacked is insufficient to state an Eighth Amendment claim.

Plaintiff's allegations against Defendant Reigie and Badsted are even more minimal.   Plaintiff alleges only that Reigie was in the front key-cage operating the locks

- 5 –

to the lower-numbered cells at the time of Plaintiff's attack.  This is not enough to show that Reigie was aware of a substantial risk of serious harm to Plaintiff prior to the alleged attack or that he acted with deliberate indifference to it.  Plaintiff's allegations against Defendant Badsted are only slightly more specific.   He alleges that Badsted was operating the locks from the rear key-cage; he unlocked the door to Plaintiff's cell when Defendant Cisneros took Plaintiff to the shower; and he failed to unlock Plaintiff's cell upon return.  Even assuming, as Plaintiff alleges, that the attack would not have occurred if Badsted had unlocked Plaintiff's cell, allowing him to reenter, this is not enough to show deliberate indifference.  Absent any facts showing that Badsted had been alerted – or otherwise had reason to believe – that Plaintiff was in danger, his failure to unlock Plaintiff's cell door sooner does not show that he acted with deliberate indifference to a serious threat to Plaintiff's safety.   Similarly, the allegations that any or all of the Defendants failed to follow policy, requiring them to handcuff inmates when they were taken outside their cells, at most show negligence; they do not show that these Defendants were aware of a serious threat to Plaintiff's safety and were deliberately indifferent to that threat.

## B.      Defendants Fizer, Hetmer, and Ryan

Plaintiff's only allegations against Defendants Fizer, Hetmer, and Ryan are that Plaintiff appealed to each of them after the television was taken away, and, "[a]t each step, [his] complaint was treated as trivial and of little consequence."  These allegations are too vague and conclusory to state a claim.  It is not clear what Plaintiff was appealing to these Defendants – whether the alleged attack or the taking of the television – much less what he presented to them or what they did or failed to do in response.  Moreover, to the extent Plaintiff sues these Defendants solely for their denials of grievances and not for any involvement in the underlying violations, this is not enough to state a constitutional claim.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (defendants did not commit constitutional violations when they denied administrative grievances, failed to intervene on plaintiff's behalf, and failed to remedy allegedly unconstitutional behavior).

JDDL-K

**IV.     Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After

- 7 –

JDDL-K

amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint or first amended complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.     Warnings**

**A.     Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed *in forma pauperis*.  Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

- 8 –

JDDL-K

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The First Amended Complaint (Doc. 9) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 24th day of April, 2015.

David G. Campbell
United States District Judge

- 9 –

JDDL-K

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                    1

<u>Phoenix & Prescott Divisions</u>:  **OR**  <u>Tucson Division</u>:
U.S. District Court Clerk                             U.S. District Court Clerk
U.S. Courthouse, Suite 130                      U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10       405 West Congress Street
Phoenix, Arizona  85003-2119                  Tucson, Arizona  85701-5010

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
Name:  _____
Address:_____
         Attorney for Defendant(s)
_____
(Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,   )
(Full Name of Plaintiff)                     )
           Plaintiff,               )
                                             )
           vs.                      )   **CASE NO.** _____
                                             )        (To be supplied by the Clerk)
(1)_____ ,       )
(Full Name of Defendant)                     )
(2)_____ ,       )
                                             )   **CIVIL RIGHTS COMPLAINT**
(3)_____ ,       )   **BY A PRISONER**
                                             )
(4)_____ ,       )   ☐ Original Complaint
          Defendant(s).                )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
      ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 5/1/2013                         1                     **550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
        (Position and Title)                                              (Institution)

2.   Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
        (Position and Title)                                              (Institution)

3.   Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
        (Position and Title)                                              (Institution)

4.   Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
        (Position and Title)                                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities        ☐ Mail           ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings  ☐ Property        ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**

   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                               ☐ Yes  ☐ No

   b.   Did you submit a request for administrative relief on Count I?             ☐ Yes  ☐ No

   c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes  ☐ No

   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
          institution?                                                                    ☐ Yes    ☐ No
     b.   Did you submit a request for administrative relief on Count II?                  ☐ Yes    ☐ No
     c.   Did you appeal your request for relief on Count II to the highest level?         ☐ Yes    ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
          did not. _____
          _____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities         ☐ Mail            ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings  ☐ Property        ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety ☐ Other: _____ .

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes   ☐ No
     b.   Did you submit a request for administrative relief on Count III?            ☐ Yes   ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____ .

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                                    DATE                                                          SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6