NA

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Berry Williams, | No. CV 14-2231-PHX-DGC (DKD) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Cisneros, et al., | |
| Defendants. | |

On October 8, 2014, Plaintiff Berry Williams, who is confined in the Arizona State Prison Complex -Yuma in San Luis, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a January 14, 2015 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On March 13, 2015, Plaintiff filed his First Amended Complaint. In an April 24, 2015 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On May 14, 2015, Plaintiff filed a Second Amended Complaint (Doc. 11). The Court will dismiss the Second Amended Complaint and this action.

. . . .

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II. Second Amended Complaint

In his one-count Second Amended Complaint, Plaintiff sues the Arizona Department of Corrections ("ADOC") and ADOC Correctional Officers Unknown Cisneros, Unknown Badsted, and Unknown Reigie. Plaintiff seeks monetary damages.

Plaintiff asserts a failure to protect claim and alleges the following facts: On November 22, 2013, Defendants Cisneros, Badsted, and Reigie were working in the maximum security housing unit where Plaintiff was housed. Defendants Cisneros, Badsted, and Reigie failed to follow procedure by moving unrestrained inmates outside of the cells and having more than one inmate out of a cell at a time. As a result of this failure to comply with procedure, Plaintiff was assaulted by another inmate identified as "Nobles." Defendant Cisneros walked Plaintiff, who was unrestrained, to the shower. Defendants Reigie and Badsted failed to "act by not objecting to behavior [that] knowingly plac[ed], not only [Plaintiff], but any other officer at risk." Defendant Badsted held Plaintiff outside of his cell while Defendant Cisneros led another unrestrained inmate past Plaintiff and "allowed [Nobles] to attack [Plaintiff]." Plaintiff claims that all of the "most violent offenders" are housed in maximum security housing, and that the inmates are not allowed any contact with other inmates. Plaintiff further claims that Defendant Cisneros failed to comply with "procedure" on three occasions, and that "her fellows . . . . turned a blind eye to policy" on those three occasions. Plaintiff contends that Defendants are "specifically trained to guard against" the risk involved when moving unrestrained inmates outside of the cells and having more than one inmate out of a cell at a time. Plaintiff further contends that ADOC is responsible for training its employees and ensuring that its employees act in compliance with that training. Plaintiff claims he has been injured as follows: he suffers from anxiety, pain in his leg and back, and takes a "plethora of medication in an attempt to cope with every[]day existence."

. . . .

. . . .

### III. Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 at 371-72, 377 (1976).

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

#### A. ADOC

The Arizona Department of Corrections is not a proper Defendant. Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983. Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). Therefore, the Court will dismiss Defendant Arizona Department of Corrections.

#### B. Failure to Protect

To state a claim for failure to protect or threat to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. *Farmer*, 511

1  U.S. at 832-33.  To adequately allege deliberate indifference, a plaintiff must allege facts
2  to support that a defendant knew of, but disregarded, an excessive risk to inmate safety.
3  *Id*. at 837.  That is, "the official must both [have been] aware of facts from which the
4  inference could be drawn that a substantial risk of serious harm exist[ed], and he must
5  also [have] draw[n] the inference." *Id*.  Thus, Plaintiff must allege facts to support when
6  and how any particular defendant knew of a substantial risk of harm to Plaintiff and that
7  the defendant disregarded or failed to take steps to protect Plaintiff.
8        Plaintiff's allegations are too vague and conclusory to state a failure to protect
9  claim under the Eighth Amendment.  Plaintiff has not adequately alleged facts showing
10 that Defendants Cisneros, Badsted, and Reigie knew of any excessive risk to Plaintiff's
11 safety.  Although Plaintiff states that due to Defendants failure to follow procedure, he
12 was assaulted, he does not allege adequate factual support to show that Defendants acted
13 with deliberate indifference.  Other than broadly asserting that all inmates housed in the
14 maximum security housing unit are the most violent offenders, Plaintiff does not allege
15 how any Defendant could have known that he was at risk when he was out of his cell on
16 November 22, 2013.  For example, Plaintiff does not indicate whether any verbal or
17 physical threats were made against him or whether there was any indication that Nobles
18 or any other inmate intended to hurt him.  Accordingly, Plaintiff has failed to allege that
19 Defendants knew or should have known that Nobles posed a substantial threat to Plaintiff
20 but nevertheless allowed both Plaintiff and Nobles to be out of their cells unrestrained.
21 Therefore, Plaintiff has failed to state a claim for failure to protect in Count One, and the
22 Court will dismiss Count One.
23 **IV.**    **Dismissal without Leave to Amend**
24       Because Plaintiff has failed to state a claim in his Second Amended Complaint, the
25 Court will dismiss his Second Amended Complaint.  "Leave to amend need not be given
26 if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express,*
27 *Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is
28 particularly broad where Plaintiff has previously been permitted to amend his complaint.

*Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. 11) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 9th day of June, 2015.

David G. Campbell
United States District Judge